FILED

**NOT FOR PUBLICATION**

APR 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DWI ANDA WONG;<br>TENAR MARIATIE; et al.,<br><br>             Petitioners,<br><br>  v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>             Respondent. | No. 07-73400<br><br>Agency Nos. A079-572-504<br>A079-572-505<br>A079-572-506<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2010[**]

Before:      RYMER, McKEOWN, and PAEZ, Circuit Judges.

Dwi Anda Wong, her husband Tenar Mariatie, and their son, natives and

citizens of Indonesia, petition for review of the Board of Immigration Appeals'

order dismissing their appeal from an immigration judge's ("IJ") decision denying

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

their application for asylum. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), we deny the petition for review.

Substantial evidence supports the IJ's finding that Wong failed to demonstrate the attempted rape by her Chinese cousin was on account of a protected ground. *See Pedro-Mateo v. INS*, 224 F. 3d 1147, 1151 (9th Cir. 2000). Substantial evidence further supports the IJ's findings that the muggings, the burning of her business during the May 1998 riots, and the robbery of her brother's business were random criminal acts of violence, *see Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004), and the IJ's finding that the other incidents Wong suffered did not rise to the level of persecution, *see Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003).

In addition, substantial evidence supports the IJ's finding that Wong does not have a well-founded fear of future persecution because, even as a member of a disfavored group, she failed to demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004). Accordingly, petitioners did not establish eligibility for asylum.

**PETITION FOR REVIEW DENIED.**